Edward M. O’Gorman, J.
The plaintiff .and the defendant are ;the owners of adjoining lots. These lots were originally the *942 property of a common grantor, who constructed two dwelling houses thereon. The sewage disposal facilities of both dwellings were connected to one septic tank and .its surrounding filter bed.
In the process of . subdividing the property, the original grantor conveyed plaintiff’s parcel subject to an easement for the benefit of the second dwelling to permit the sewage from that dwelling to continue to flow through plaintiff’s parcel to the septic tank which was located thereon. The defendant, by the acquisition of her parcel, has succeeded to the right to continue the flow of isewage from her dwelling through plaintiff’s parcel into the septic tank located thereon.
With the passage of time, the use of this sewage disposal system has resulted in a saturation of the plaintiff’s property by the tank effluent, which also resulted in a seepage therefrom into the public highway. The plaintiff has from time to time expended moneys in the cleaning of the septic tank, and also has paid a substantal lamount for improvement in the replacement and rebuilding of the filter bed on her property in order to take care of the overflowing effluent and in order to comply with orders of the village Health Department.
The evidence in this case establishes generally that the septic tank system became overburdened during intervals during which the defendant’s dwelling house was rented to tenants. The system seemed adequate at other times to handle the requirements of the plaintiff, who is a widow living alone, and the defendant.
The plaintiff brings this action in an effort to obtain a contribution from the defendant to the cost of the repair and maintenance of the sewage disposal system, and also for a declaratory judgment declaring the rights and duties of the parties in connection therewith in the future.
It is defendant’s contention that she is not liable to make any contribution because no ■ such duty is imposed upon her by the terms of the easement, and because >she has not requested nor consented to any maintenance or repair expense which may have been incurred by the plaintiff.
With respect to the duty to make repairs for the enjoyment ■of an easement, the general rule is that, apart from contract, the easement imposes upon the servient tenement no obligation other than the passive duty of submitting to use by the dominant owner. In the absence of an agreement to the contrary, the burden of the maintenance and repair of an easement falls upon the dominant owner. The dominant owner,
*943 however, is under no duty to make improvements o,r repairs for the benefit of the servient owner (17 N. Y. Jut., Easements and Licenses, 154).
With respect to easements in common, however, the general rule is that the burden of maintaining an easement owned in common and used by the co-owners is imposed upon all of them.
The parties in this case, while having a relationship to each other of dominant .and servient tenements as far as the language in the conveyances is concerned, also have many of the attributes of parties sharing an easement in common, inasmuch as both parties use the septic tank on plaintiff’s premises as their sewage disposal facility; Should the court hold that the defendant is not liable in this case to make any contribution to the cost of maintenance of the septic tank system on the plaintiff’s property, an intolerable situation would result. Under such circumstances, the plaintiff must either meet the total expense of the maintenance of the joint system, or undergo the ordeal of contending with a noxious effluent on her front lawn, and subject herself to punishment .by the village authorities for a violation of the health code. In this situation, even should she terminate her use of the septic tank facilities, she could not prevent its continuing overflow nor avoid its adverse consequences.
That the court in deciding this case may consider a determination .which will avoid such an inequitable state of affairs is not without precedent. In People v. Whittman (205 Misc. 1046), a common grantor created a common driveway in the rear of properties which were conveyed to ¡several individual grantees. Each of the grantees had 'a right of1 way across the rear of the property of the neighboring grantees to gain access to the street. Because of the grade conditions, a retaining w*all was necessary on the premises of the lot owner at the end of the driveway. This wall having fallen into disrepair in violation of the Administrative Code of the City of New York, all of the owners were prosecuted for their failure to maintain the wall, although the wall was located solely on the property of one of them. The remaining property owners contended that there was no obligation on their part to maintain any portion of their easement which was not on their own properties. Judge Shapiko, sitting at the time as a Court of Special Sessions, stated (pp. 1048-1049): “Assuming, arguendo, that the wall in question is wholly upon the property of the defendant Wittman, iand that by reason thereof the obligation to repair it falls upon her alone, it might well be that *944 the cost of repairing this defective and dangerous retaining wall would be so prohibitive as to induce her to legally .abafidon the easement land1 use of her garage, fill in the rear of the property to the grade of Hoover Avenue and thus unilaterally create a situation whereby her neighbor immediately to the west would incur the entire obligation to provide a retaining wall since such neighbor would then be maintaining the grade of hi's lot below the legal grade., Each neighbor could then •in turn follow Wittman’s example and pass the obligation along to the neighbpr immediately to the west of him up to the owner of the end lot at 150th Street. ’ ’
The court pointed out that this example demonstrated that there is a mutual obligation upon adjoining co-owners in a situation of this kind. The same reasoning applies to this case.
.. The Wittmcm case (supra) involved a violation of the Administrative Code of the City of New York, and the court pointed out that each of the defendants, but for the retaining wall, would be maintaining his property ¡not at grade, in violation of the code. Under those circumstances the court held that the ¡obligation to maintain the retaining wall ;is the mutual obligation of all those who would be occupying their property in violation of law if there were no retaining wall. So too, in the instant case, if the septic tank is permitted to overflow from plaintiff’s land to the public highway, both the sewage disposal systems of the plaintiff and the defendant are in violation of the health laws of the village, and therefore it should be their mutual obligation to see that this does not continue.
in view of the foregoing, .in this situation which involves the dual relationship of the plaintiff and defendant as owners of the dominant and servient tenements on the one hand, and as users ¡of a ¡common facility on the other, this court, in the interest of fairness and practicality, should adopt those consequences which would normally flow from the use of an easement .in common. The court finds that the duty to maintain and repair the common septic tank system used by the plaintiff and the defendant in this case ¡should be borne equally between them, .and that the defendant will be liable to the plaintiff for her equitable share of those expenses.
I do not find .anything in the proof concerning either the amount of the expenditures to date, the necessity for the expenditures, or the adequacy of notice to the defendant, which would1 ¡defeat plaintiff’s right to be reimbursed ¡the sum of. $476.64, as reimbursement for one-half the amount of the *945 expenditures, and the court further declares that the obligation in the future to repair and maintain .said sewage disposal •system shall be home equally by the plaintiff and the defendant as owners of their respective parcels of land.